IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROBERT FABER,
ADC #131921,

    Plaintiff,

v.  No. 4:18cv00051-JJV

TIM RYALS, Sheriff,
Faulkner County Detention Center; *et al.*,

    Defendants.

**MEMORANDUM AND ORDER**

**I.  INTRODUCTION**

Robert Faber ("Plaintiff"), formerly incarcerated at the Faulkner County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983.  (Doc. Nos. 2, 4.)  He alleges he was forced to endure a physical assault by another inmate due to the lack of adequate security features at the Faulkner County Detention Center – namely, panic buttons in the cells.  (Doc. No. 4 at 4-5.)  Defendants Sheriff Tim Ryals, Lieutenant Gary Andrews, and Captain Miller[1] have now filed a Motion for Summary Judgment, contending Plaintiff failed to exhaust his administrative remedies before filing this action.  (Doc. Nos. 22-24.)  Plaintiff has not responded, and this matter is now ripe for a decision.  After careful review, and for the following reasons, I find summary judgment is appropriate.  Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's cause of action is DISMISSED.

---

[1] This Defendant's name is Chris Riedmueller.  (Doc. No. 11 at 1.)  The Clerk is directed to amend the docket to reflect his full and correct name.

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.*  (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of W. Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

The Prison Litigation Reform Act ("PLRA") requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (per curiam).

Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id*. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*.

In support of their Motion, Defendants have provided the Faulkner County Detention Center's Grievance Procedure, which defines a grievance as "[a]ny written notice of a complaint, request or problem signed by a detainee and delivered to a detention officer." (Doc. No. 24-1 at 31.) The procedure provides for a written response to a non-emergency grievance within ten working days of receipt, with a forty-eight hour response time for emergency grievances. (*Id*.) The grievant may appeal the response "to the next level in the chain of command," who shall also respond in writing. (*Id*. at 2.) The procedure requires that all grievances and responses be placed in the detainee's jail file. (*Id*.)

Defendants have also submitted the Affidavit of Defendant Riedmueller, who states there is no record of Plaintiff "filing a grievance or otherwise using the Faulkner County Detention Center Grievance Procedure concerning his claim that he was injured due to failure to protect from attack by another inmate and lack of panic buttons in the cells." (*Id*. at 1.) Plaintiff did file a number of grievances during his incarceration, which Defendants have provided. (*Id*. at 4-30.) The Court has reviewed them carefully and finds they corroborate Defendant Riedmueller's testimony: Plaintiff did not file any grievance pertaining to an assault by another inmate, the

absence of a panic button in his cell, or any other security concern. None of the grievances Plaintiff filed had anything to do with the claims stated in this case. Accordingly, Plaintiff failed to "complete the administrative review process in accordance with the applicable procedural rules." *Jones*, 549 U.S. at 218 (quoting *Woodford*, 548 U.S. at 88). Defendants are entitled to summary dismissal of Plaintiff's claims on this basis.

## IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. The Clerk amend the docket to reflect the full and correct name of Defendant Chris Riedmueller. (Doc. No. 11 at 1.)

2. Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. No. 22) is GRANTED.

3. Plaintiff's claims are DISMISSED without prejudice for failure to exhaust administrative remedies.

4. Plaintiff's cause of action (Doc. No. 4) is DISMISSED.

5. Pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

DATED this 4th day of June, 2018.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

4